Cynthia LANCE, Plaintiff-Appellant,

v.

Bert THOMPSON et al., Defendants-Appellees.

No. 29447.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1970.

John C. Brittain, Jr., Oxford, Miss., John McCreery, Alex H. Sanders, Greenwood, Miss., for plaintiff-appellant.

Edward J. Bogen, Greenville, Miss., for defendants-appellees.

Before BELL, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

At issue in this appeal is whether the district court erred in denying plaintiff-appellant's motion for a preliminary injunction enjoining defendant-appellee from prohibiting appellant from attending the high school from which she was suspended. We find no error in the district court's decision and affirm.

Around noon on Thursday, December 11, 1969, Cynthia Lance, an eleventh grade student at Greenville (Mississippi) High School, was involved in a verbal exchange and fight in the school cafeteria. That afternoon the principal, James W. Young, conducted a brief investigation by securing from the involved parties written statements incorporating the details of the fracas and by interviewing various teachers and students who had witnessed the incident. He then notified Cynthia and her father, who had been called to school by Cynthia's sister, of the charge against her, informed them of the statements made by the teachers and students, and requested Cynthia to go home until he could gather further information. On Tuesday, December 17, Cynthia and her mother were summoned to the principal's office. Mr. Young, in a separate interview with Mrs. Lance, explained the nature of the charge against Cynthia, disclosed the names of all witnesses and the content of their testimony, and reviewed the evidence against her. Although Mrs. Lance was given an opportunity to speak in behalf of her daughter, she did not do so. The principal then stated that Cynthia would be suspended indefinitely, and when Mrs. Lance expressed dissatisfaction with his decision, he informed her that she could appeal to the School Board through the Superintendent.

After Cynthia was ushered into Mr. Young's office, he reiterated the charge, repeated the evidence against her, and gave her an opportunity to speak in her behalf. When she did not avail herself of that opportunity, Mr. Young informed Cynthia that she was suspended indefinitely from Greenville High School. Subsequently, Mr. Young, in writing, notified Mr. Bert Thompson, Superintendent and defendant-appellee, of Cynthia's suspension and the reason therefor.

School recessed for Christmas holidays on December 17, 1969, resumed on January 5, 1970, and mid-term examinations, which Cynthia was not permitted to take, were administered January 13, 14 and 15. The second semester of school commenced on January 19. Although appellant had been informed of her right to appeal, she did not request the School Board to review her suspension until late in February. The Board convened on February 26 to consider the matter, but, due to illness, appellant's counsel did not appear, nor did appellant or her parents. Although the Board meets bi-monthly and has expressed a willingness to consider the suspension, Cynthia has made no further effort to exercise her right of appeal to it.

On February 12, 1970, appellant filed a motion for temporary restraining order, wherein she (a) alleged that she had been suspended without adequate notice and hearing in violation of the Fourteenth Amendment due process guaranty; and (b) requested the court to reinstate her as a student in Greenville High School. At the close of an evidentiary hearing on February 16, the district

judge concluded that Mr. Young was a disinterested principal; that he gave adequate notice to appellant of the charges against her; and that he acted not out of caprice or arbitrariness but upon fact. Consequently, the court denied appellant's motion. On March 11, appellant filed a motion for preliminary injunction, enjoining appellee from prohibiting her from attending Greenville High School. On March 12 the court, on the basis of evidence adduced in the February 16 hearing, concluded that the grounds for the motion were not well taken and denied it. After her motion for rehearing was denied, Cynthia appealed.

Appellant argues that the district court erred in concluding that she had been afforded adequate procedural due process during the various suspension proceedings. Appellant's contention is, of course, a most serious one, and we have given it careful consideration. A thorough search of the record, however, convinces us that the district court did not abuse its discretion in denying the motion for preliminary injunction. Accordingly, we affirm.